W. D. ELLIS, plaintiff in error, *vs.* W. G. DRAKE, defendant in error.

The defendant gave the plaintiff a note for an amount claimed by the latter to be due for board. This note was paid off. The plaintiff subsequently sued the defendant on an account, to which the general issue alone was pleaded. The defendant claimed upon the trial that the note was given for too much, and that he so stated to the plaintiff at the time of its execution, but nevertheless signed it " to keep down a fuss." He claimed a credit for the excess:

*Held*, that no matters in evidence anterior to the date of the note could be considered by the jury.

Promissory notes. Evidence. Before Judge COWART. City Court of Atlanta. December Term, 1873.

For the facts of this case, see the decision.

HILLYER & BROTHER, for plaintiff in error.

COLLIER & COLLIER, for defendant.

WARNER, Chief Justice.

The plaintiff brought an action against the defendant on an account for $530 50, for board. It appears from the evidence in the record, that the defendant and his family had

Ellis *vs.* Drake.

been boarding with the plaintiff for a long time. In April, 1872, the parties had a settlement and the defendant gave to the plaintiff his note due at sixty days after date, for the sum of $844 60. The defendant continued to board with plaintiff and made him sundry payments in money at different times, without giving any instructions as to how the payments should be applied. The plaintiff credited the payments on the note until it was paid off. Interest was counted in the note at the rate of one and one half per cent. per month. The defendant filed no other plea but the general issue. The defendant stated in his evidence that the note which had been paid off, was given for too much, that the plaintiff counted the board up to that time at $105 00 per month, that he demurred to it at the time, but the plaintiff was irritable and he signed the note to keep down a fuss, but the note was for more than was due. The defendant testified as to the price of board in the city of Atlanta. The jury, under the charge of the court, found a verdict for the plaintiff. The court charged the jury that the defendant was concluded and could not go behind the date of the note, and that no matters in evidence anterior to the date of the note could be considered by the jury ; to which charge, the defendant excepted.

In view of the evidence and pleadings contained in the record, there was no error in the charge of the court to the jury. The defendant had given his note to the plaintiff for the amount claimed by him to be due for board up to the time of the date thereof, and had paid it. It was too late after the note had been given and paid, for the defendant to go behind it and say that the note was given for more than was actually due for board anterior to the date thereof: that contract had been fully executed and performed by the defendant. As the plaintiff received a pretty high rate of interest on the note, we do not award damages in this case.

Let the judgment of the court below be affirmed.